IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. SMITH,

    Petitioner,

    v.                            CASE NO. 21-3091-SAC

UNITED STATES MARSHAL
SERVICE,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for mandamus filed under 28 U.S.C. § 1361. Petitioner is detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas, pending a probation violation hearing. Petitioner appears *pro se*, and the Court grants Petitioner's motion for leave to proceed *in forma pauperis*. For the reasons that follow, the Court concludes that this matter must be dismissed.

Petitioner seeks an order compelling the United States Marshals Service ("USMS") to allow Petitioner to lodge a criminal complaint with the local sheriff regarding alleged HIPPA violations resulting from the disclosure of Petitioner's private medical information to the United States Probation Office. Petitioner alleges that this disclosure violated K.S.A. § 65-5601, *et seq.*

Petitioner proceeds under 28 U.S.C. § 1361, which authorizes the federal district courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is an extraordinary remedy and may issue only "to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quotations omitted). A court may grant mandamus relief only where it

finds "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy…." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988) (citation omitted).

Petitioner does not meet these standards.  He has not identified any clear right to the relief he seeks, nor has he shown that no other adequate remedy is available.  Petitioner has not shown that an alleged HIPPA violation entitles Petitioner to bring criminal charges and it is not apparent how a writ of mandamus would benefit him.

The Secretary of Health and Human Services ("HHS") is specifically tasked with the investigation of suspected HIPPA violations and enforcement of the law's terms. *See* 42 U.S.C. § 1320d–5; 45 C.F.R. § 160.306 (Complaints to the Secretary); *Royce v. Veteran Affairs Reg'l Office*, No. 08–cv–01993-KMT-KLM, 2009 WL 1904332, at *6 (D. Colo. July 1, 2009) ("HIPPA expressly provides the penalties for improper disclosures of medical information[,] . . . and limits enforcement to the Secretary of HHS.") (citing *Univ. of Colo. Hosp. Auth.,* 340 F.Supp.2d 1142, 1144–45 (D.Colo.2004) (The specific punitive enforcement provision precludes any finding of an intent by Congress to create a private right of action.); *Logan v. Dep't of Veterans Affairs,* 357 F. Supp. 2d 149, 155 (D. D.C. 2004) ("[T]he law specifically indicates that the Secretary of HHS", not a private individual, "shall pursue the action against an alleged offender.").  Moreover, HHS' Office for Civil Rights is directly responsible for fielding HIPPA–related complaints and administering penalties. *See Brown v. Hill*, 174 F. Supp. 3d 66, 71 (D.D.C. 2016) ("[A]n individual's only redress for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, which has the discretion to investigate the complaint and impose sanctions, both civil and criminal." (internal quotations omitted) (citations omitted)).

Likewise, Petitioner has failed to show that he is entitled to bring criminal charges under the Kansas statute.  The plaintiff's in *Merryfield*, two persons civilly committed to the Kansas sexually violent predator treatment program, argued that the program's policies violated their confidentiality privilege under K.S.A. 65-5602.  *Merryfield v. Kansas Social and Rehabilitation Servs.*, 253 P.3d 386 (Table), 2011 WL 25556622, at *4 (Kan. Ct. App. 2011).  The Kansas Court of Appeals denied mandamus relief and held that "K.S.A. 65-5602 doesn't confer a duty on SRS; rather, it gives treatment-facility patients, like [plaintiffs], a privilege not to disclose certain information in civil or criminal proceedings."  *Id*.  Thus, Petitioner can assert any privilege that he is entitled to in his probation revocation proceedings and seek relief in that court.

**IT IS THEREFORE ORDERED** that this petition is **dismissed**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS SO ORDERED**.

**Dated March 31, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**